**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | |
|---|---|
| Lewis Poole,<br><br>Plaintiff,<br>v.<br><br>First Community Bancshares, Inc. d/b/a First Community Bank,<br><br>Defendant. | Civil Action No.: 2:15-cv-52<br><br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Lewis Poole, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq*. (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. The Plaintiff, Lewis Poole ("Plaintiff"), is an adult individual residing in Panhandle, Texas, and is a "person" as defined by 47 U.S.C. § 153(39).

4. Defendant First Community Bancshares, Inc. d/b/a First Community Bank ("FCB"), is a Massachusetts business entity with an address of 250 Royall Street, Canton, Massachusetts 02021, and is a "person" as defined by 47 U.S.C. § 153(39)

## FACTS

5. Beginning in or around August of 2014, FCB called Plaintiff's cellular telephone, number 806-xxx-6148.

6. The calls were placed from telephone number 888-220-7549.

7. When Plaintiff answered the phone, he was met with a period of silence followed by an automated click at which point the call would disconnect.

8. The foregoing is indicative of a predictive dialer, an automated telephone dialing system (ATDS) under the TCPA.

9. Plaintiff does not have an account with FCB.

10. Plaintiff has no business relations with FCB and never requested by an agreement or otherwise that he be contacted.

11. Plaintiff does not know how FCB acquired his cellular phone number. Plaintiff did not provide it to FCB.

12. Plaintiff did not provide prior express consent to FCB to place calls to his cellular phone number.

13. Plaintiff called FCB in an effort to get the calls to stop. Plaintiff advised FCB that he was being called in error and directed FCB to remove his number from the account and to cease all communications with him.

14. Thereafter, despite having been informed of the foregoing, FCB continued to call Plaintiff.

**COUNT I**

**VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, *et seq.***

15. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. Plaintiff never provided his cellular telephone number to FCB and never provided his consent to be contacted on his cellular telephone.

17. Without Plaintiff's consent and over his objection, FCB contacted Plaintiff by using an automatic telephone dialing system on his cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

18. FCB continued to place automated calls to Plaintiff's cellular telephone after being advised it had the wrong number and knowing there was no consent to continue the calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

19. The telephone number called by FCB was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

20. The calls from FCB to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

21. FCB's telephone system has the capacity to store numbers in a random and sequential manner and uses the system to place the calls.

22. Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

23. As a result of knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);
2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);
3. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: February 6, 2015

Respectfully submitted,

By *__/s/ Jenny DeFrancisco__*

Jenny DeFrancisco, Esq.
CT Bar # 432383
LEMBERG LAW, L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
E-mail: jdefrancisco@lemberglaw.com
Attorneys for Plaintiff